IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 3, 2008 Session

# JEFFERSON LEE YOUNG V. ENERPAC

**Direct Appeal from the Circuit Court for McMinn County**
**No.  26820      Hon. John B. Hagler, Circuit Judge**

---

**No. E2008-00069-COA-R3-CV  - FILED JANUARY 22, 2009**

---

Plaintiff filed this action after the statute of limitations had run, and defendant moved to dismiss. Plaintiff attempted to invoke the discovery rule, claiming that his injuries had required surgery and he was sedated for a few days following the accident.  The Trial Court granted the defendant summary judgment and plaintiff has appealed.  We affirm the Trial Court on the grounds that the discovery rule was not applicable to the circumstances of this case.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JON KERRY BLACKWOOD, SR. J., joined.

Roy P. Neuenschwander, Knoxville, Tennessee, for appellant, Jefferson Lee Young.

R. Kim Burnette, Knoxville, Tennessee, for appellee, Enerpac.

**OPINION**

Plaintiffs, Jefferson and Shirley Young, filed a Complaint against Enerpac, a Wisconsin business who marketed and sold a product called Porta Power.  Plaintiffs alleged that on June 21, 2005, while Mr. Young was working at his employment with Heil Trailer International and using the Porta Power product, a part of the product broke and struck Mr. Young with great force, causing a deep laceration over his eye, a skull fracture, and crushing the bones around his left eye. The Complaint charged that defendant impliedly warranted to Mr. Young and his employer that the product was safe and fit for its intended uses.

Plaintiffs alleged that Young had suffered pain and permanent, disfiguring injuries, and along with his wife asked for damages in the amount of $1,200,000.

Enerpac filed a Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(6), asserting that plaintiffs' Complaint was untimely because it was not filed within the one year statute of limitations, and asserted that the Complaint was not filed until June 23, 2006, when the incident in question occurred on June 21, 2005. The Motion explained that June 21, 2006 did not fall on a weekend or holiday, and that the Complaint was untimely on its face.

Plaintiffs responded to the Motion, relying on the discovery rule, and stated that due to the severity of his injuries, Young was not able to know or understand the cause of his injuries for several days. Plaintiffs filed his Affidavit which we quote in pertinent part:

> I was injured on-the-job on June 21, 2005 when a portion of the porta-power that I was using while with the exercise of due care and in the course of my employment, broke off and with great force and velocity struck the inside of the tank where I was working and then struck me in the face with tremendous force and pressure. . . . I was rushed to the University of Tennessee Medical Center where I immediately underwent plastic surgery to repair the cuts on my forehead, eyebrow and eyelid. I underwent surgery to repair my skull very late on Thursday, June 22, 2005. For the first several days following the accident I was heavily sedated on strong narcotics, lotrel, oratadine, percocet, keflex, phenegran and morphin, during the times that I was not under anesthesia from the surgeries and did not recall anything about the accident until Saturday, June 25, 2005. I was not fully aware of what happened to me and how it happened until many days after the accident.

An Affidavit was filed by the spouse's father, and his wife and sister, to the effect that Young was in the hospital for several days after his accident, and that he was not fully aware of what happened for a few days.

The Trial Court dismissed the action and found the Complaint should have been filed before June 21, 2006, but it was not filed until June 23, 2006. The Court found that Young's medical records showed that on the day of the accident, he demonstrated an awareness of the facts of his accident sufficient to put him on notice of a potential cause of action, and found that the discovery rule was inapplicable to the facts of this case. Plaintiffs have appealed and raise these issues:

1. Whether the Trial Court erred in allowing Mr. Young's medical records to be admitted into evidence?

2. Whether the Trial Court erred in refusing to hear medical testimony regarding the effect of Mr. Young's injuries?

3.      Whether the Trial Court erred in failing to apply the discovery rule to toll the statute of limitations?

Plaintiff argues that the discovery rule is applicable to the facts of this case to toll the statute of limitations. He states that he underwent surgery and was under anesthesia, and could not appreciate his injuries nor the cause thereof until a few days after his accident. Both parties agree that *Woods v. Sherwin-Williams*, 666 S.W.2d 77 (Tenn. Ct. App. 1983), appropriately presents the history of the discovery rule as it has developed in this state.

In *Woods,* this Court explained that the discovery rule was developed to prevent plaintiffs from being barred from filing a claim before they even knew it existed. *Id*. This Court further stated the substance of the rule as:

> the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.

*Id., quoting McCroskey v. Bryant Air Conditioning Company*, 524 S.W.2d 487 (Tenn.1975).

The Supreme Court has expounded on the rule as follows:

> . . . the one-year statute of limitations begins to run when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, the existence of a legal cause of action. This so-called "discovery rule" prevents the anomaly of requiring that a plaintiff file suit "prior to knowledge of his injury or ... that he sue to vindicate a non-existent wrong, at a time when injury is unknown and unknowable." As we have explained:

> [A] cause of action in tort does not accrue until a judicial remedy is available. A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage. A breach of a legally cognizable duty occurs when plaintiff discovers or 'reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced ... injury; and (2) the identity of the defendant who breached the duty.'

We further stated in *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn.1995):

> It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.

*Id*. at 29 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn.1994)).

*Terry v. Niblack*, 979 S.W.2d 583 (Tenn. 1998)(internal citations omitted).

The Supreme Court has also expressed that "the statute of limitations is tolled only during the period of time when the plaintiff has no actual knowledge of the injury and, as a reasonable person, would not be placed on inquiry notice." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680-81 (Tenn. 1990).

The discovery rule is designed to shield a plaintiff from the unjust result of being barred from filing a claim before he even knew that he had been wrongfully injured, i.e. an injury that is latent in nature. In this case, the plaintiff alleges that he was disoriented for a few days after his injury, but there was no proof that the injury rendered him incompetent or otherwise disabled him for any significant period of time such that he would have been barred from filing his claim in a timely fashion absent application of the discovery rule. Clearly, the record establishes his injury was not latent, and assuming arguendo, as we must, that plaintiff suffered a temporary loss of full mental reasoning ability, he was not thereby prevented from filing his claim within the statute of limitations, and was on inquiry notice during that period. In our view, the discovery rule is not designed to "tack on" days or weeks to the statute of limitations for short periods of time when a plaintiff might not be fully aware of what had occurred. If such were the case, the statute of limitations would become a nebulous rule with difficult application, which could be arbitrarily lengthened each time a plaintiff had a temporary difficulty, but was fully competent to file his claim within the statutory period. We agree with the Trial Court that on these facts, the discovery rule is not applicable.

Our ruling renders moot the issue as to consideration of the medical records, which the record demonstrates the plaintiff did not object at the time to their admissibility.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the cause assessed to Jefferson Lee Young.

_____
HERSCHEL PICKENS FRANKS, P.J.