# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 8, 2010 Session

## PATRICIA MILLS, ET AL. v. JOHN H. BOOTH, II, ET AL.

### Appeal from the Circuit Court for Roane County
### No. 14510    Russell Simmons, Jr., Judge

### No. E2010-00846-COA-R3-CV - FILED DECEMBER 28, 2010

On November 8, 2008, James Turlington and his wife, Altha Turlington, were killed in an automobile accident after their car tuned left in front of a vehicle being driven by John H. Booth, II ("Booth"). Initially, it was believed that the Turlington vehicle was being driven by Altha Turlington. It was determined two days later that the Turlington vehicle was being driven by James Turlington. An accident reconstructionist later concluded that while the Turlington vehicle did turn in front of the Booth vehicle, the Turlington vehicle would have had sufficient time to complete its turn without any collision taking place if Booth had not been speeding. A complaint was filed on November 10, 2009, by Altha Turlington's daughter, Patricia Mills. The Trial Court determined that the statute of limitations began to run on the day of the accident, that the discovery rule could not be used to extend when the statute of limitations began to run, and the complaint had not been filed within the applicable one year statute of limitations. Plaintiff appeals, and we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
### Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

A. Philip Lomonaco and Bradley L. Henry, Knoxville, Tennessee, for the Appellant, Patricia Mills, Individually and as Surviving Child and Next of Kin of Altha Turlington.

Brian H. Trammell and Erin B. Williams, Knoxville, Tennessee, for the Appellee, John H. Booth, II.

George H. Buxton, Oak Ridge, Tennessee, for the Appellee, Tennessee Farmers Mutual Insurance Company.

## OPINION

### Background

On November 10, 2009, Patricia Mills ("Plaintiff"), individually and on her deceased mother's behalf, filed a wrongful death lawsuit against Booth and James Turlington ("Turlington"). Plaintiff is the daughter of Altha Turlington (the "Decedent") who was killed in the automobile accident that occurred on November 8, 2008. The Decedent was a passenger in a vehicle being driven by Turlington, Decedent's husband. According to the complaint:

> That on or about November 8, 2008, the deceased, Altha Turlington, was a passenger in a vehicle traveling south attempting to make a left hand turn onto East Dunn Street from North Gateway crossing North Gateway from west to east. That at the same time, the Defendant, John Booth, was attempting to travel north along North Gateway through the intersection of East Dunn Street. . . .
>
> That as Defendant, John Booth, was attempting to travel through the intersection at East Dunn Street north on North Gateway, the said Defendant, with negligence and gross negligence, while failing to yield [the] right of way, while traveling in excess of the speed limit (approximately 58 in a 40), with reckless disregard for the safety of others, without keeping his automobile under control and failing to apply the brakes to bring it under control, failing to keep a proper lookout, without using due care to determine whether or not the roadway ahead of him was clear, and with the Plaintiff in plain view, the said Defendant, John Booth, did cause his vehicle to strike the vehicle occupied by Altha Turlington while it attempting (sic) to turn left onto East Dunn Street from North Gateway, causing death. (original paragraph numbering omitted)

Plaintiff further alleged that Booth violated various statutes regulating the driving of vehicles and that these violations constituted negligence per se. Plaintiff claimed

-2-

Booth's actions were the proximate cause of the accident. Plaintiff also sued her father, John Turlington, and, pursuant to Tenn. Code Ann. § 56-7-1206, served her parents' uninsured/underinsured motorist insurance carrier, Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers").

Booth responded to the complaint and generally denied any liability to Plaintiff or responsibility for Decedent's death. Booth claimed he was lawfully proceeding through the intersection when the Turlington vehicle made a left-hand turn in front of his vehicle. Along with his answer, Booth filed a motion to dismiss. According to this motion, Plaintiff's complaint was filed with the Circuit Court for Roane County, Tennessee, on November 10, 2009. Because there is a one year statute of limitations for personal injuries and because the automobile accident happened on November 8, 2008, Booth asserted that the statute of limitations as to him had run by the time the lawsuit was filed. Tennessee Farmers filed a motion to dismiss on the same basis.

Plaintiff responded to the motion to dismiss. According to Plaintiff, the original Uniform Traffic Crash Report issued on November 8, 2008, incorrectly indicated that the Decedent was driving the Turlington vehicle at the time of the accident. However, "[a]fter further investigation by the Rockwood Police Department, an Amended Tennessee Uniform Traffic Crash Report . . . was issued on November 12, 2008 naming James Turlington as the driver of the vehicle, not [the Decedent.]" According to Plaintiff, she had one year from the date she discovered that the vehicle was being driven by James Turlington in which to file suit.[1] Thus, Plaintiff asserted that the lawsuit was filed timely. Plaintiff filed an affidavit and stated as follows in her response to the motion to dismiss:

> The Plaintiff, Patricia Mills, was not present to witness the accident. Plaintiff did not receive a copy of the initial crash report until at least November 10, 2008 which stated that her mother, Altha Turlington was at fault for failure to yield right of way.

> Immediately after the accident, by all accounts, it appeared the Turlington vehicle was at fault in the accident. This is true because the Turlington vehicle turned left in front of the Booth vehicle and the police report cited the Turlington vehicle as failing to yield the right of way at the intersection and causing the accident.

---

[1] In the amended crash report, James Turlington was cited for failing to yield the right of way. As mentioned previously, both James and Altha Turlington died from injuries received in the accident.

-3-

The discovery that Booth had caused the accident was only apparent after a report by an Accident Reconstructionist was provided to the plaintiff on or around December 12, 2008, more than a month after the accident. The insurance company for the Turlington vehicle commissioned the report. The report indicates the accident would not have happened had the Defendant, Booth not been speeding. . . . (internal citations to Plaintiff's affidavit and other documentation omitted)

Booth replied to Plaintiff's response to the motion to dismiss. Booth argued that pursuant to applicable law, the statute of limitations begins to run on the date of injury, regardless of whether a plaintiff knows of the specific type of claim he or she may have. Booth argued that in the present case, the date of the accident was when the statute of limitations began to run and, therefore, the complaint was not filed timely. Tennessee Farmers filed a similar reply.

In March of 2010, the Trial Court entered an Order granting the motions to dismiss filed by both Booth and Tennessee Farmers. The Trial Court also entered a Memorandum Opinion explaining its reasons for granting the motions. According to the Trial Court's Memorandum Opinion:

This wrongful death action was filed by the deceased's daughter on November 10, 2009. The deceased was involved in the fatal automobile accident on November 8, 2008. Defendants have filed Motions to Dismiss based on the fact that the lawsuit was filed after the statute of limitations had run.

Plaintiff claims that the discovery rule should apply because the original accident report listed the deceased as the driver of her vehicle which turned into the path of an oncoming vehicle which would lead to the conclusion that the deceased was at fault and had no cause of action. Plaintiff further claims she did not know a right of action existed until: 1) November 12, 2008 when an amended accident report was issued showing deceased's husband to be the driver of the vehicle in which deceased was riding, or 2) December 12, 2008 when an engineering report was issued indicating the other vehicle could be at fault due to excessive speed. Plaintiff also claims she exercised reasonable care in determining whether a right of action existed.

-4-

The discovery rule was first introduced into Tennessee law in the case of *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974) in which the Supreme Court of Tennessee adopted "the principle that those classes of cases where medical malpractice is asserted to have occurred through the negligent performance of surgical procedures, the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury."

After the *Teeters* case, the appellate courts have addressed the "discovery rule" as it applies to different causes of action and under different factual situations. Because the "discovery rule" is used to extend the time in a situation where the "injury is of a type that is not immediately discoverable, or where the fact of injury has been discovered, but it is not possible to discover the negligence that caused the injury, until after the statute of limitations has passed." *Steele v. Tennessee Jaycees, Inc.*, No. 01-A-01-9505-CH-00214, [1995 WL 623027, at *2] (Tenn. Ct. App. Oct. 25, 1995).

In this lawsuit by her own affidavit, Plaintiff had information that the deceased was a passenger in the wrecked vehicle and that one or both defendants were at fault by December 12, 2008. She had approximately eleven (11) months to file her lawsuit before the statute of limitations had run from the date of the accident. The Complaint was dated November 3, 2009, but was not filed with the clerk until November 10, 2009.

As set out in the *Steele* case, "The discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits." [*Steele*, 1995 WL 623027, at *5.]

The Trial Court finds the following reasoning in the *Young v. Enerpack*, [299 S.W.3d 815, 818 (Tenn. Ct. App. 2009)] case to be applicable:

"In our view, the discovery rule is not designed to 'tack on' days or weeks to the statute of limitations for short periods of time when a plaintiff might not be fully aware of what had occurred. If such were the case, the statute of limitations would become a nebulous rule with difficult application, which could be arbitrarily lengthened each time a plaintiff had a temporary difficulty, but was fully competent to file his claim within the statutory period."

Based on the above, the Court finds that the discovery rule is not applicable and the statute of limitations began to run on the date of the accident, November 8, 2008. The Court further finds that the lawsuit was filed after the statute of limitations had run, and the Motions to Dismiss are sustained. . . .

The order was certified as a final judgment pursuant to Tenn. R. Civ. P. 54.02, and Plaintiff appeals. Plaintiff claims that because of the discovery rule, the statute of limitations did not begin to run until November 12, 2008, at the earliest. Thus, Plaintiff claims that the Trial Court erred when it granted the motions to dismiss based on the expiration of the statute of limitations prior to the lawsuit being filed.

## Discussion

Since matters outside the pleadings were considered by the Trial Court when resolving Defendants' motions to dismiss, we will treat the motions as motions for summary judgment in accordance with Tenn. R. Civ. P. 12.02.[2] *See Smith Mechanical Contractors, Inc. v. Premier Hotel Development Group*, 210 S.W.3d 557, 562-63 (Tenn. Ct. App. 2006). Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of

---

[2] In relevant part, Rule 12.02 provides that if, "on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all

countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

In the present case, the Trial Court relied, in part, on this Court's decision in *Young v. Enerpac*, 299 S.W.3d 815 (Tenn. Ct. App. 2009) when concluding that the discovery rule did not extend the commencement of Plaintiff's statute of limitations past the date of the accident. In *Young*, we discussed the discovery rule as follows:

> The Trial Court dismissed the action and found the Complaint should have been filed before June 21, 2006, but it was not filed until June 23, 2006. The Court found that Young's medical records showed that on the day of the accident, he demonstrated an awareness of the facts of his accident sufficient to put him on notice of a potential cause of action, and found that the discovery rule was inapplicable to the facts of this case. . . .
>
> Plaintiff argues that the discovery rule is applicable to the facts of this case to toll the statute of limitations. He states that he underwent surgery and was under anesthesia, and could not appreciate his injuries nor the cause thereof until a few days after his accident. Both parties agree that *Woods v. Sherwin-Williams*, 666 S.W.2d 77 (Tenn. Ct. App. 1983), appropriately presents the history of the discovery rule as it has developed in this state.
>
> In *Woods*, this Court explained that the discovery rule was developed to prevent plaintiffs from being barred from filing a claim before they even knew it existed. *Id*. This Court further stated the substance of the rule as:
>
> > the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered.
>
> *Id.*, *quoting McCroskey v. Bryant Air Conditioning Company*, 524 S.W.2d 487 (Tenn. 1975).

The Supreme Court has expounded on the rule as follows:

[T]he one-year statute of limitations begins to run when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, the existence of a legal cause of action. This so-called "discovery rule" prevents the anomaly of requiring that a plaintiff file suit "prior to knowledge of his injury or . . . that he sue to vindicate a non-existent wrong, at a time when injury is unknown and unknowable." As we have explained:

> [A] cause of action in tort does not accrue until a judicial remedy is available. A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage. A breach of a legally cognizable duty occurs when plaintiff discovers or 'reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced . . . injury; and (2) the identity of the defendant who breached the duty.'

We further stated in *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995):

> It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action; the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.

*Id.* at 29 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)).

*Terry v. Niblack*, 979 S.W.2d 583 (Tenn. 1998) (internal citations omitted).

The Supreme Court has also expressed that "the statute of limitations is tolled only during the period of time when the plaintiff has no actual knowledge of the injury and, as a reasonable person, would not be placed on inquiry notice." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680-81 (Tenn. 1990).

The discovery rule is designed to shield a plaintiff from the unjust result of being barred from filing a claim before he even knew that he had been wrongfully injured, i.e. an injury that is latent in nature. In this case, the plaintiff alleges that he was disoriented for a few days after his injury, but there was no proof that the injury rendered him incompetent or otherwise disabled him for any significant period of time such that he would have been barred from filing his claim in a timely fashion absent application of the discovery rule. Clearly, the record establishes his injury was not latent, and assuming arguendo, as we must, that plaintiff suffered a temporary loss of full mental reasoning ability, he was not thereby prevented from filing his claim within the statute of limitations, and was on inquiry notice during that period. In our view, the discovery rule is not designed to "tack on" days or weeks to the statute of limitations for short periods of time when a plaintiff might not be fully aware of what had occurred. If such were the case, the statute of limitations would become a nebulous rule with difficult application, which could be arbitrarily lengthened each time a plaintiff had a temporary difficulty, but was fully competent to file his claim within the statutory period. We agree with the Trial Court that on these facts, the discovery rule is not applicable.

*Young*, 299 S.W.3d at 816-18.

We agree with the Trial Court's holding in the present case insofar as it concluded that the discovery rule does not extend the running of the statute of limitations. As stated by this Court in *Young*, a statute of limitations begins to run when the injury occurs or is discovered, or when it should have been discovered with the exercise of reasonable care.

-10-

The injury to Plaintiff and Decedent in this case occurred at the time of the accident on November 8, 2008. At a very minimum, at that time Plaintiff was placed on inquiry notice.

All of the facts relevant to commencing the running of the statute of limitations were known on the day of the fatal accident, i.e., November 8, 2008. These known facts include, among other things, that there was a fatal accident between the Turlington and Booth vehicles and that the Turlington vehicle was broad-sided by the Booth vehicle. These were known facts regardless of who was driving the Turlington vehicle. As to Booth, Plaintiff knew of the occasion and manner by which a breach of duty occurred and the identity of the person who breached that duty, i.e., Booth. It is not necessary that Plaintiff actually know that the injury constitutes a breach of a legal standard in order for the statute of limitations to commence. It is sufficient that Plaintiff was aware of facts sufficient to put her on notice that she suffered an injury as a result of wrongful conduct. *Carvell*, 900 S.W.2d at 29.

As stated previously, at a very minimum Plaintiff was on inquiry notice on the date of the accident. As we stated in *Young*, the discovery rule cannot be used to "tack on" days to a statute of limitations short periods of time when a plaintiff might not be fully aware of all that had occurred. *Young*, 299 S.W.3d at 818. It is not necessary for a plaintiff to know each and every fact before a statute of limitations beings to run. "As we have stated before, '[t]he discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits.'" *Burk v. RHA/Sullivan, Inc.*, 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006) (quoting *Steele v. Tennessee Jaycees, Inc.,* No. 01-A-01-9505-CH-00214, 1995 WL 623067, at *5 (Tenn. Ct. App. Oct. 25, 1995)). Plaintiff was fully competent to timely file this lawsuit within one year of the accident.

Based on the foregoing, we conclude, as did the Trial Court, that the discovery rule does not extend the running of the statute of limitations. We, therefore, affirm the judgment of the Trial Court granting the motions to dismiss on the basis that the complaint was not timely filed.

## Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are taxed to the Appellant, Patricia Mills, Individually and as Surviving Child and Next of Kin of Altha Turlington, and her surety, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE