IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 16, 2013 Session

## KENNETH  E. DIGGS

v.

## DNA DIAGNOSTIC CENTER, GENETIC PROFILES CORPORATION, STRAND ANALYTICAL LABORATORIES, LLC, AND MEDICAL TESTING RESOURCES, INC.

**Appeal from the Shelby County Chancery Court**
**No. CH-12-0580   Walter L. Evans, Chancellor**

**No. W2012-01617-COA-R3-CV - Filed August 2, 2013**

This appeal arises from the dismissal of a complaint alleging fraudulent paternity testing. Discerning no error, we affirm and award attorney fees for a frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., joined.  ALAN E. HIGHERS, P.J., W.S., concurred in results only.

Petitioner/Appellant, Kenneth E. Diggs, self-represented

Stephen D. Crawley and Tannera George Gibson, Memphis, Tennessee for Defendant/Appellee Genetic Profiles Corporation

Stephen D. Crawley, Tannera George Gibson, and Shea Oliver, Memphis, Tennessee for Defendant/Appellee Strand Analytical Laboratories, LLC

James E. Looper, Jr. and J. Bart Pickett, Nashville, Tennessee, for Defendant/Appellee DNA Diagnostic Center

Defendant/Appellee Medical Testing Resources, Inc., did not appear

## MEMORANDUM OPINION[1]

### FACTS AND PROCEEDINGS BELOW

In September 2006, Petitioner/Appellant Kenneth E. Diggs employed Defendant/Appellee DNA Diagnostic Center to perform a paternity test. The results of the DNA test indicated that Mr. Diggs is the biological father of the child at issue. After receiving the test results, in the course of divorce proceedings, Mr. Diggs signed an October 2007 parenting plan in which he admits that he is the child's father.[2]

Mr. Diggs was apparently dissatisfied with the results of the first DNA test. In April and October 2009, he requested additional DNA testing from Defendant/Appellees Genetic Profiles Corporation and Strand Analytical Laboratories. Consistent with the first test, these DNA tests also showed a 99.99% probability that Mr. Diggs is the biological father of the child at issue.

These test results did not sit well with Mr. Diggs. In August 2010, Mr. Diggs filed separate lawsuits against DNA Diagnostic Center, Genetic Profiles Corporation, and Strand Analytical Laboratories, alleging that they produced fraudulent paternity tests. He filed another lawsuit against Medical Testing Resources, alleging it fraudulently interpreted the DNA tests. The lawsuits sought hundreds of millions of dollars in damages from all of these defendants (collectively "Defendants").

In the lawsuit against DNA Diagnostic Center, the trial court dismissed Diggs' complaint. The dismissal was based on the statute of limitations and *res judicata,* in light of the acknowledgment of parentage by Mr. Diggs in his divorce proceedings. Mr. Diggs appealed the dismissal and the trial court's decision was affirmed by this Court. ***See Diggs v. DNA***

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2] The record does not indicate whether there was an appeal from the order that incorporated the parenting plan.

***Diagnostic Center,*** No. W2011-00814-COA-R3-CV, 2011 WL 5971267, at *1 (Tenn. Ct. App. Nov. 28, 2011).

Mr. Diggs' lawsuit against Genetic Profiles Corporation was dismissed as well. The trial court held that it was barred under the doctrine of *res judicata,* again based on the admission of parentage by Mr. Diggs in his divorce. Mr. Diggs filed a notice of appeal as to this lawsuit, but his appeal was dismissed as untimely.

The trial court dismissed Mr. Diggs' lawsuit against Strand Analytical without prejudice, based on insufficient service of process. After the dismissal, Mr. Diggs apparently filed a request for the trial court to amend its order. While this request was pending, Mr. Diggs filed a notice of appeal. The appellate court determined that the matter was not final and appealable and gave Mr. Diggs the opportunity to obtain a final judgment within thirty days. When he failed to do so, the appellate court dismissed the appeal. ***Diggs v. Strand Analytical Laboratories, LLC,*** No. W2011-00318-COA-R3-CV, 2011 WL 2739655, at *1 (Tenn. Ct. App. July 15, 2011) (*perm. app. denied* Nov. 15, 2011). The record does not indicate how the prior lawsuit against Medical Testing Resources was resolved.

In April 2012, Mr. Diggs filed the instant lawsuit against all four Defendants. The lawsuit alleged fraud against the Defendants premised on the same facts and DNA tests referenced in the August 2010 complaints.[3] Mr. Diggs' complaint was met with motions to dismiss from DNA Diagnostic Center, Genetic Profiles Corporation, and Medical Testing Resources, alleging, *inter alia,* that his lawsuit was barred under the doctrine of *res judicata* and that the complaint failed to allege fraud with particularity. Strand Analytical filed a motion to strike pursuant to Rule 8 of the Tennessee Rules of Civil Procedure.

In June 2012, the trial court held a hearing on the motions to dismiss filed by Defendants DNA Diagnostic Center, Genetic Profiles Corporation, and Medical Testing Resources. The motion to strike filed by Strand Analytical was not adjudicated at this hearing. At the conclusion of the hearing, the trial court issued an oral ruling dismissing the complaint as to the three Defendants "with prejudice based on the matter being res judicata." At that time, the trial court entered individual written orders dismissing Mr. Diggs' claims as to two of the Defendants, Genetic Profiles and DNA Diagnostic Center. Diggs promptly filed a notice of appeal as to all four Defendants.

---

[3]In May 2012, Mr. Diggs filed an amended complaint that included his own personal interpretation of the DNA tests and his personal conclusions regarding the percentage of probability that he is the biological father of the subject child.

About a week later, in July 2011, Mr. Diggs appeared before the trial court and expressed his desire to voluntarily dismiss his claims against Strand Analytical before the trial court heard Strand Analytical's motion to strike. The trial court accommodated Mr. Diggs' request and entered an order voluntarily dismissing Strand Analytical.[4]

The filing of Mr. Diggs' notice of appeal prompted a flurry of post-appeal motions.[5] In January 2013, this Court determined that Mr. Diggs had appealed orders that were not final and appealable. The appellate court directed Mr. Diggs to obtain a final judgment or risk dismissal of his appeal.

In February 2013, the trial court entered a final order that dismissed all of Mr. Diggs' claims against all of the Defendants. The order dismissed Mr. Diggs' claims against DNA Diagnostic Center on the basis of *res judicata;* the order referenced both the adjudication of Mr. Diggs' initial action and the dismissal of his claim and the first appeal to this Court. The order also dismissed the claims against Genetic Profiles Corporation on the basis of *res judicata;* it referenced the prior lawsuit brought by Mr. Diggs, his attempted appeal, and Mr. Diggs' acknowledgment in the divorce proceedings that he is the biological father of the child at issue. The order dismissed Mr. Diggs' claims against Medical Testing Resources for failure to state a claim. Finally, the order referred to the prior order on Mr. Diggs' voluntary dismissal of his lawsuit against Strand Analytical, signed by Mr. Diggs.

This order was subsequently filed with this Court. The appellate record was supplemented to include the trial court's final order, and Mr. Diggs' appeal proceeded.[6]

### ANALYSIS

On appeal, Mr. Diggs makes numerous arguments. We perceive the pivotal issue to be whether the trial court erred in dismissing his claims against each of the Defendants.

The trial court dismissed Mr. Diggs' claims against Medical Testing Resources for failure to state a claim. In reviewing the trial court's grant of a motion to dismiss for failure to state

---

[4] Mr. Diggs' signature appears on the order approving the voluntary dismissal of Strand Analytical.

[5] These motions included requests for attorney fees based on a frivolous appeal filed by DNA Diagnostic Center on August 29, 2012, Strand Analytical on September 17, 2012, and Genetic Profiles Corporation filed on January 23, 2013.

[6] Mr. Diggs included Medical Testing Resources in his notice of appeal. However, Medical Testing Resources filed no appellate brief and did not appear in the appeal.

a claim, this Court must "take all allegations of fact in the plaintiff's complaint as true and review the lower court's legal conclusions *de novo*, with no presumption of correctness." ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997). After carefully reviewing the allegations against Medical Testing Resources in Mr. Diggs' amended complaint, we agree with the trial court that they fail to state a claim upon which relief can be granted. Therefore, we affirm the trial court's dismissal as to Medical Testing Resources.

The trial court granted the motion to dismiss filed by DNA Diagnostic Center on the basis of *res judicata;* it referenced both the adjudication of Mr. Diggs' initial action and the dismissal of his claim and first appeal to this Court. Since matters outside the pleadings were considered by the trial court when resolving the motion to dismiss, we will treat the motion as a motion for summary judgment, in accordance with Rule 12.02 of the Tennessee Rules of Civil Procedure. ***Mills v. Booth,*** 344 S.W.3d 922, 926 (Tenn. Ct. App. 2010). "Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." ***Id.*** (citing ***Hunter v. Brown***, 955 S.W.2d 49, 50-51 (Tenn.1997)). Additionally, the trial court's decision that Mr. Diggs' claims against DNA Diagnostic Center are barred by the principles of *res judicata* presents a question of law which is reviewed *de novo,* with no presumption of correctness. ***In re Estate of Boote***, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005). We have carefully reviewed the record in this case and find that it supports the trial court's dismissal of Mr. Diggs' claims against DNA Diagnostic Center on the basis of *res judicata.*

The trial court also granted the motion to dismiss filed by Genetic Profiles Corporation on the basis of *res judicata.* The trial court's order referenced the prior lawsuit brought by Mr. Diggs, his attempted appeal, and Mr. Diggs' acknowledgment in the divorce proceedings that he is the biological father of the child at issue. Again, because the trial court considered matters outside the complaint in resolving the motion to dismiss filed by Genetic Profiles Corporation, we treat the motion to dismiss as a motion for summary judgment, in accordance with Rule 12.02. ***Mills,*** 344 S.W.3d at 926. The trial court's dismissal of Mr. Diggs' claims against Genetic Profiles Corporation on the basis of *res judicata* presents a question of law which is reviewed *de novo,* with no presumption of correctness. ***In re Estate of Boote***, 198 S.W.3d at 719. We have carefully reviewed the record in this case and find that it supports the trial court's dismissal of Mr. Diggs' claims against Genetic Profiles Corporation on the basis of *res judicata.*

As to Strand Analytical, the trial court granted Mr. Diggs' motion to voluntarily dismiss his claims prior to the trial court's consideration of Strand Analytical's motion to strike. Mr. Diggs now attempts to appeal his own voluntary dismissal of his claims. We doubt that a party can appeal the trial court's grant of his own motion for voluntary dismissal. ***Payne v.***

*Savell*, No. 03A01-9708-CV-00352, 1998 WL 46454, at *2 (Tenn. Ct. App. Feb. 5, 1998) (noting that, when a party takes a voluntary nonsuit, the parties cannot appeal the resulting order of dismissal); *Bickers v. Lake County Bd. of Educ.*, No. 02A01-9307-CV-00163, 1994 WL 8157, at *1 (Tenn. Ct. App. Jan. 13, 1994) ("A party is estopped or waives his right to appeal when judgment is entered at his request."); *Oliver v. Hydro-Vac Services, Inc.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) (concluding that a party is ordinarily not aggrieved when no judgment is rendered against him); *Martin v. Washmaster Auto Ctr., Inc.*, No. 01-A-01-9305-CV-00224, 1993 WL 241315, at *2 (Tenn. Ct. App. July 2, 1993) ("No present controversy exists after the plaintiff takes a nonsuit."). "Where a plaintiff seeks voluntary dismissal . . . , the [trial] court's order granting such dismissal cannot be appealed by the plaintiff, under the rationale that one seeking a voluntary dismissal cannot then complain when the relief is granted." 27A Federal Procedure, Lawyers Ed., § 62.805, *Motions for voluntary dismissal* (June 2013) (footnotes omitted). "It is well established as a general rule . . . that an appellate or review proceeding cannot be prosecuted or maintained by a plaintiff who has requested or consented to the entry of an order or judgment of dismissal, . . . or nonsuit." C. R. McCorkle, *Appellate Review at instance of plaintiff who has requested, induced, or consented to dismissal or nonsuit*, 23 A.L.R. 664 § 2[a] (1952) (updated 2013). Assuming *arguendo* that a party may appeal the trial court's grant of his own motion for voluntary dismissal, after careful review of the record, we find that the trial court's order of voluntary dismissal was compliant with Rule 41.01 of the Tennessee Rules of Civil Procedure. *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004). We find no error in the trial court's decision.

Defendant/Appellees Genetic Profiles Corporation, Strand Analytical, and DNA Diagnostic Center each seek an award of attorney fees for defense of this appeal, asserting that the appeal is frivolous. We agree. Pursuant to Tennessee Code Annotated § 27-1-122, we find that Mr. Diggs' appeal is frivolous. Therefore, we grant the request of Genetic Profiles Corporation, Strand Analytical Laboratories, and DNA Diagnostic Center for an award of attorney fees incurred in this appeal and remand the cause to the trial court for a determination of reasonable attorney fees on appeal.

## CONCLUSION

The decision of the trial court is affirmed and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against Petitioner/Appellant Kenneth E. Diggs, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

-6-