IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 16, 2021 Session

## CORA M. HAYWOOD v. TREXIS INSURANCE CORPORATION ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-5295-19     Yolanda R. Kight, Judge**
_____

### No. W2020-00418-COA-R3-CV
_____

Following an automobile accident involving Appellant and Appellee, Appellant filed a civil warrant against Appellee's automobile insurance carrier in the general sessions court. Later, after the statute of limitations had run, Appellant filed an amended civil warrant adding Appellee as a defendant.  Together, Appellee and the insurance carrier filed a joint motion to dismiss, alleging that: (1) the statute of limitations barred Appellant's claims against Appellee; and (2) the automobile insurance carrier was not a proper party to the lawsuit.  The general sessions court granted the motion to dismiss.  Thereafter, Appellant appealed the dismissal but did not file a new complaint in the trial court.  Appellee and his insurance carrier moved to dismiss, and the trial court granted the motion.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Cora M. Haywood, Walls, Mississippi, appellant, *pro se*.

Andrew R. Francisco, Memphis, Tennessee, for the appellees, Trexis Insurance Corporation and Charles Wayne Farmer.

### OPINION

### I. Background

On October 9, 2018, Appellant Cora Moss Haywood and Appellee Charles Wayne Farmer were involved in an automobile accident in Memphis, Tennessee.  At the time, Trexis Insurance Corporation ("Trexis," and together with Mr. Farmer, "Appellees") was

Mr. Farmer's automobile insurance carrier. On July 25, 2019, Ms. Haywood filed a civil warrant in the Shelby County General Sessions Court (the "General Sessions Court") against Trexis for personal injuries she allegedly sustained in the accident. On October 11, 2019, Ms. Haywood filed an amended civil warrant adding Mr. Farmer as a defendant. On November 5, 2019, Trexis and Mr. Farmer filed a joint motion to dismiss arguing, in pertinent part, that: (1) Trexis was an improper party to the action because Tennessee is not a "direct action" state; and (2) the statute of limitations for personal injury actions barred Ms. Haywood's suit against Mr. Farmer. On November 21, 2019, the General Sessions Court granted the motion to dismiss.

On November 27, 2019, Ms. Haywood appealed to the Shelby County Circuit Court ("trial court"). On December 20, 2019, Trexis and Mr. Farmer again filed a motion to dismiss (reiterating their same arguments from general sessions); Ms. Haywood opposed the motion. On February 5, 2020, Ms. Haywood filed a motion for delayed discovery rule, arguing that she did not "discover" her injuries until October 10, 2018, a fact which she claimed tolled the statute of limitations for one day such that her lawsuit against Mr. Farmer was timely; Mr. Farmer opposed the motion. On February 14, 2020, the trial court heard the motion and entered an order dismissing Ms. Haywood's lawsuit. Ms. Haywood appeals.

## II. Issue Presented[1]

Ms. Haywood raises one issue for review, which we restate as whether the trial court erred in granting Mr. Farmer's motion to dismiss on the ground that Ms. Haywood's lawsuit was barred by the statute of limitations.

## III. Standard of Review

The resolution of a motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). "A motion to dismiss . . . seeks only to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof." *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011) (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422,

---

[1] It does not appear that Ms. Haywood appealed the trial court's dismissal of her lawsuit against Trexis. "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Accordingly, we decline to address the question of whether the trial court's dismissal *vis-à-vis* Trexis was proper. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); *see also* Tenn. R. App. P. 27(a)(4) (providing that an appellant's brief shall contain a "statement of the issues presented for review . . . .").

426 (Tenn. 2011)). "In analyzing the legal sufficiency of the complaint, we must presume that all factual allegations in the complaint are true and construe them in favor of the plaintiff." ***Foster v. Chiles***, 467 S.W.3d 911, 914 (Tenn. 2015) (citing ***Lind***, 356 S.W.3d at 894 (citing ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997))). We review a trial court's grant of a motion to dismiss *de novo* with no presumption of correctness. ***Webb***, 346 S.W.3d at 426.

While we are cognizant of the fact that Ms. Haywood is representing herself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc***., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

We also note that Ms. Haywood seeks to introduce (by reference in her appellate brief and in appendices thereto) evidence that was not produced in the trial court. Tennessee Rule of Appellate Procedure 13(c) provides that, on appeal, this Court "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14." Tenn. R. App. P. 13(c). Accordingly, we have not considered those portions of the appendices to Ms. Haywood's appellate brief that include evidence that was not presented in the trial court.

## IV. Analysis

Tennessee Code Annotated section 28-3-104(a)(1) provides, in pertinent part, that personal injury actions "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). The trial court found that the statute of limitations barred Ms. Haywood's claims against Mr. Farmer. Tennessee Code Annotated section 1-3-102 provides that, "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last. . . ." Tenn. Code Ann. § 1-3-102. Here, the cause of action accrued on the date of the accident, i.e. October 9, 2018. Therefore, the statute of limitations began to run on October 10, 2018 and expired on October 9, 2019. Thus, Ms. Haywood was required to file her action against Mr. Farmer on or before October 9, 2019. This timeline is consistent with the law in Tennessee, which provides that "the last day to file a personal injury action in Tennessee is the anniversary date of the accident . . . ." ***Smith v. Hose***, No. 03A01-9501-CV-0006, 1995 WL 371675, at *1 (Tenn. Ct. App. June 21, 1995). The record shows that Ms. Haywood filed her

amended civil warrant adding Mr. Farmer as a defendant on October 11, 2019, which was one year and two days after the accident and two days after the statute of limitations had run.

Nevertheless, Ms. Haywood argues that the discovery rule should apply to toll the statute of limitations in this case. We disagree. "[T]he discovery rule was developed to prevent plaintiffs from being barred from filing a claim before they even knew it existed." *Mills v. Booth*, 344 S.W.3d 922, 927 (Tenn. Ct. App. 2010) (citing *Woods v. Sherwin-Williams*, 666 S.W.2d 77, 78 (Tenn. Ct. App. 1983)). Under the discovery rule, a "cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when[,] in the exercise of reasonable care and diligence, it should have been discovered." *Mills*, 344 S.W.3d at 927 (citing *Woods*, 666 S.W.2d at 78). Importantly,

> the discovery rule does not allow the plaintiff to delay filing suit until he or she knows the full extent of his or her damages, or the specific type of legal claim he or she has. Constructive or "inquiry" notice occurs "when the plaintiff has actual knowledge of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of wrongful conduct."

*Spates v. Howell*, 420 S.W.3d 776, 781-82 (Tenn. Ct. App. 2013) (internal citations omitted); *see also* *Terry v. Niblack*, 979 S.W.2d 583, 586 (Tenn. 1998) (A "plaintiff is deemed to have discovered the right of action if [s]he is aware of facts sufficient to put a reasonable person on notice that [s]he has suffered an injury as a result of wrongful conduct."); *Mills*, 344 S.W.3d at 927-28. Although Ms. Haywood may not have noticed any physical effects from the accident until October 10, 2018, the accident placed her on notice that she may have suffered an injury as a result of Mr. Farmer's alleged wrongful conduct on October 9, 2018. Accordingly, Ms. Haywood's argument concerning the discovery rule is not persuasive.

Relying on the United States Supreme Court's opinion in *Schiavone v. Fortune*, 477 U.S. 21 (1986), Ms. Haywood urges this Court to apply the "relation back" doctrine set out in Federal Rule of Civil Procedure 15(c) to her claim against Mr. Farmer. As noted above, Ms. Haywood initially filed suit against Trexis on July 25, 2019, which was within the statute of limitations. "The purpose of [Rule 15(c)] is to ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action." *Bloomfield Mech. Contracting, Inc. v. Occupational Safety & Health Rev. Comm'n*, 519 F.2d 1257, 1262 (3d Cir. 1975) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure §§1497-1500, at 489-523 (1971)). Importantly, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the [federal] United States district courts," Fed. R. Civ. P. 1, but the Tennessee Rules of Civil Procedure "govern procedure in [all civil actions in

Tennessee] circuit or chancery courts . . . ." Tenn. R. Civ. P. 1. Because this action was filed in Tennessee state courts, we must apply the Tennessee Rules of Procedure, not the Federal Rules of Civil Procedure.

Tennessee Rule of Civil Procedure 15.03 mirrors its federal counterpart and provides:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03.

The trial court found that Rule 15.03 and the relation back doctrine did not apply to Ms. Haywood's claims against Mr. Farmer because "this case originated in General Sessions Court, and the Tennessee Rules of Civil Procedure are expressly not applicable in General Sessions Court." Although the Tennessee Rules of Civil Procedure generally do not apply in general sessions courts, the rules are specifically applicable upon a *de novo* appeal from general sessions court to circuit court. As authorized by Tennessee Code Annotated section 16-15-729,[2] *de novo* appeals to circuit courts from general sessions courts entail "an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court." ***Ware v. Meharry Medical College***, 898 S.W.2d 181, 184 (Tenn. 1995) (citing ***Teague v. Gooch***, 333 S.W.2d 1, 3 (Tenn. 1960); ***Odle v. McCormack***, 206 S.W.2d 416, 419 (Tenn. 1947); ***Braverman v. Roberts Constr. Co.***, 748 S.W.2d 433, 435 (Tenn. Ct. App. 1987); Lawrence A. Pivnick, Tennessee Circuit Court Practice, § 3-

---

[2] Tennessee Code Annotated section 16-15-729 provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tenn. Code Ann. § 16-15-729.

10, at 115 (3d ed. 1991)). In **Ware v. Meharry Medical College**, the Tennessee Supreme Court discussed the procedural transition from general sessions court to circuit court. 898 S.W.2d at 184. Our Supreme Court noted that, at the time of the decision, ambiguity existed "concerning the procedure to be followed in the circuit court and the scope of the circuit court's jurisdiction when the case arrive[d] from the general sessions court." *Id.* Importantly, our Supreme Court found that "the unmistakable trend [was] to use the circuit court's procedural flexibility to expand the scope of its jurisdiction and to provide complete resolution of all the claims between all the parties." *Id.* Indeed, our Supreme Court affirmed this trend when it explained that "the Tennessee Rules of Civil Procedure apply to general sessions cases appealed to the circuit court" and that parties may "take advantage of the procedural flexibility in the Tennessee Rules of Civil Procedure." *Id.* at 185 (citing Tenn. R. Civ. P. 1).[3] The Tennessee Supreme Court reiterated that the Tennessee Rules of Civil Procedure "govern civil actions appealed to the circuit court" and are given "full effect" upon a *de novo* appeal from general sessions court. *Id.* at 186.

The problem with the application of Tennessee Rule of Civil Procedure 15.03 in this case is that, while Ms. Haywood appealed the General Sessions Court's dismissal of her claim against Mr. Farmer to the trial court, she did not file a new complaint in the circuit court listing Mr. Farmer as a defendant in the lawsuit. Rather, she relied on the amended civil warrant that she filed in the General Sessions Court in October 2019. We recently addressed this same issue in **Mott v. Luethke**, No. E2020-00317-COA-R3-CV, 2021 WL 981529 (Tenn. Ct. App. Mar. 16, 2021). In **Mott**, the plaintiff filed a civil action in general sessions court on March 3, 2017 seeking an award of damages from the original defendant in an automobile accident that occurred on March 22, 2016. *Id.* at *1. Unbeknownst to the plaintiff, the defendant died on December 7, 2016. *Id.* On August 30, 2017, the plaintiff filed a petition to appoint an administrator *ad litem* as the personal representative of the deceased defendant's estate. *Id.* On January 31, 2018, the plaintiff filed a "re-issued" civil summons in the general sessions court and served it on the administrator. *Id.* Thereafter, the parties agreed to transfer the matter to the circuit court. *Id.* On February 6, 2019, the administrator filed a motion for summary judgment, arguing that the plaintiff failed to initiate an action against him within the six-month period required by the survival statute. *Id.* In response, the plaintiff argued, *inter alia*, "that the action naming [the administrator] as the party defendant should relate back to the filing date of [the plaintiff's] cause of action against [the deceased defendant] pursuant to [Rule] 15.03." *Id.*

In holding that Tennessee Rule of Civil Procedure 15.03 did not apply, the **Mott** Court emphasized that the Tennessee Rules of Civil Procedure apply *after* a transfer or appeal of a general sessions civil lawsuit to circuit court, not before. *Id.* at *4. Because the plaintiff's filing of both the original summons against the deceased defendant and the "re-issued" summons against the administrator occurred in the general sessions court, prior

---

[3] In pertinent part, Tennessee Rule of Civil Procedure 1 provides that the Rules of Civil Procedure "shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court." Tenn. R. Civ. P. 1.

to the transfer of the action to the circuit court, the **Mott** Court held that Rule 15.03 was inapplicable and that the relation-back doctrine would not save plaintiff's late-filed lawsuit against the decedent's administrator. **Id.** We reach the same conclusion here. As in **Mott**, Ms. Haywood filed both her original civil warrant (naming Trexis as the sole defendant) and her amended civil warrant (adding Mr. Farmer as a defendant) in the General Sessions Court before appealing to the trial court. As in **Mott**, Ms. Haywood did not file an amended complaint in the trial court so as to trigger application of Tennessee Rules of Civil Procedure or Rule 15.03. **See id.**[4] Because Ms. Haywood relied on the amended civil warrant filed with the General Sessions Court, rather than filing an amended pleading with the trial court, we conclude that Rule 15.03 is inapplicable and affirm the trial court's dismissal of her action against Mr. Farmer.[5]

## V. Conclusion

For the foregoing reasons we affirm the trial court's order dismissing Ms. Haywood's lawsuit and remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Cora M. Haywood, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

---

[4] The **Mott** Court distinguished the facts in the case from **Vincent v. CNA Ins. Co.**, No. M2001-02213-COA-R3-CV, 2002 WL 31863290 (Tenn. Ct. App. Dec. 23, 2002), a 2002 Court of Appeals decision where the plaintiff was able to employ the Tennessee Rules of Civil Procedure because she "first filed an action in general sessions court and subsequently filed a motion to amend her complaint to change the named party defendant after the case was transferred to circuit court." **Mott**, 2021 WL 981529, at *4.

[5] For completeness, we note that Ms. Haywood also urges this Court to consider **Hart v. Memphis Light Gas & Water Div.**, No. W2018-00254-COA-R3-CV, 2018 WL 6574976 (Tenn. Ct. App. Dec. 13, 2018). In **Hart**, the plaintiff timely filed a civil warrant in general sessions court and served it on the defendant before the statute of limitations had run. **Id.** at *1. The issues in **Hart** concerned whether the plaintiff made return of service to the general sessions court's clerk's office. **Id.** Importantly, the issue raised in **Hart** is distinguishable from the issue in this case because the record shows that, unlike the plaintiff in **Hart**, Ms. Haywood did not file her amended civil warrant against Mr. Farmer in the General Sessions Court before the statute of limitations had run. Accordingly, we conclude that **Hart** is inapplicable to the case at bar.