IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2020 Session

## SUSAN DURHAM v. ESTATE OF GUS LOSLEBEN ET AL.

**Appeal from the Circuit Court for Hardin County**
**No. 4793      Charles C. McGinley, Judge**

————————————————————

### No. W2019-01623-COA-R3-CV

————————————————————

A Hardin County firefighter and Appellant's husband died after their vehicles collided. Appellant alleged that the firefighter had negligently caused the accident, and thus filed tort claims against Hardin County under a theory of vicarious liability and Tennessee's Governmental Tort Liability Act. She filed her claims more than one year after the accident, so the trial court dismissed them as barred by the applicable one-year statute of limitations. She appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Benjamin Scott Harmon, Savannah, Tennessee, for the appellant, Susan Durham.

James Irvin Pentecost and Jeffery Austin Stokes, Jackson, Tennessee, for the appellee, Estate of Gus Losleben; Hardin County, Tennessee; and Hardin County Fire Department.

**OPINION**

**FACTS/PROCEDURAL HISTORY**

Christopher Durham and Gus Losleben each died after colliding while driving separate vehicles in Hardin County on December 9, 2014. Mr. Losleben was a volunteer employee[1] of the Hardin County Fire Department ("HCFD") and was driving a HCFD fire

---

[1] While Mr. Losleben was a "volunteer" firefighter, the parties do not dispute his status as an employee of Hardin County. *See also* Tenn. Code Ann. § 29-20-107(d) ("A regular member of a voluntary or auxiliary firefighting, police or emergency assistance organization of a governmental entity shall be considered to be an employee of that governmental entity for purposes of this chapter without regard to the elements set forth in subsection (a).").

truck at the time of the collision. Susan Durham ("Appellant"), Mr. Durham's widow and Administratix of his estate, filed a wrongful death complaint against Mr. Losleben's estate, HCFD, Hardin County ("Appellee"), and John Does 1-10 on December 30, 2015, in the Circuit Court of Hardin County ("the circuit court"). According to Appellant's complaint, she did not know that Mr. Losleben was at fault on the date of the accident.

Appellant's complaint alleged negligence and negligence per se of Mr. Losleben (such that Hardin County would be liable under the Tennessee Governmental Tort Liability Act ("GTLA")) and 42 U.S.C. § 1983 claims against Mr. Losleben, HCFD, and Hardin County. Appellant's claims were removed to the United States District Court for the Western District of Tennessee, Eastern Division ("the federal court"). The federal court dismissed the § 1983 claims with prejudice and remanded Appellant's state law claims to the circuit court.

Mr. Losleben's estate, HCFD, and Hardin County thereafter filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss on March 15, 2019, in the circuit court.[2] They argued that Appellant's claims were barred by the statute of limitations in the GTLA, that HCFD was not a separate, suable entity, and that Mr. Losleben's estate was immune from liability. Appellant filed a response in opposition to the motion to dismiss on June 10, 2019. Therein, she argued that she only discovered Mr. Losleben's fault after making efforts to obtain more information regarding how the accident occurred, including obtaining the Tennessee Highway Patrol ("THP") Report, which she received one month after the accident, and obtaining the Electronic Control Module ("ECM") data from the fire truck, which she received six months after the accident. Appellant also argued that the statute of limitations was tolled under Tennessee Code Annotated section 28-1-110, as discussed in detail, *infra*. The circuit court heard the motion to dismiss on June 19, 2019, and granted the motion with prejudice in a final order entered July 15, 2019. In this order, the circuit court found that Appellant's claims against the Hardin County entities were time-barred, Mr. Losleben's estate was immune under the GTLA, and Appellant's claims

---

[2] Appellant's current counsel became involved in this case on May 28, 2019. This attorney did not file the complaint at issue.

against John Does were moot and barred by the statute of limitations.[3]  Appellant timely appealed.[4]

## ISSUES PRESENTED

Appellant raises two issues, which we restate slightly as follows and which Appellee echoes:

1. Whether Appellant's GTLA claims were timely under the discovery rule, as applied to the one-year statute of limitations in the GTLA.
2. Whether Appellant's GTLA claims were timely under Tennessee Code Annotated section 28-1-110, as applied to the one-year statute of limitations in the GTLA.

## STANDARD OF REVIEW

As a threshold matter, Appellant argues that because the circuit court considered matters outside the pleadings in ruling on the Rule 12.02(6) motion to dismiss, including email correspondence between the parties regarding inspection of the vehicles, the motion should be treated as a motion for summary judgment. Neither party explicitly designates

---

[3] We note that while Mr. Losleben's estate, HCFD, Hardin County ("Appellee"), and John Does 1-10 are each named as a defendant/appellee in the filings in this case, the only true appellee is Hardin County. As discussed, the trial court dismissed Appellant's claims against John Does 1-10 and found that Mr. Losleben's estate was immune from suit, thereby necessarily precluding Appellant's ability to prevail against the estate. Neither party contests the trial court's findings on these issues, and thus we will assume they are correct and that John Does 1-10 and Mr. Losleben's estate are not parties to this appeal. And while Appellant speaks of the claims against Mr. Losleben's estate and Hardin County separately in her brief, she also speaks of them in terms of vicarious liability. Therefore, we perceive her claims to be against Hardin County as the employer of Mr. Losleben, under the GTLA. *See* Tenn. Code Ann. § 29-20-202(a) ("Immunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment."); § 29-20-310(b) ("No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter. . . ."); *see also* **Sallee v. Barrett**, 171 S.W.3d 822, 826 (Tenn. 2005) ("Where immunity has been waived, such as for the negligent acts of governmental employees, the governmental entity is the proper party-defendant. In such circumstances, the employee is, by statute, immune from suit."). We note further that at the trial level, counsel for Hardin County, HCFD, and Mr. Losleben's estate argued that HCFD should be dismissed because it is not a separate suable entity from Hardin County. The trial court did not address this argument in its written order or oral findings. However, neither party raises this issue on appeal. Additionally, whether HCFD is a separate entity from Hardin County does not change the outcome of this case, because there is no dispute that they are both governmental entities of Hardin County, and the dispositive issue is whether the statute of limitations on GTLA claims against the Hardin County entities ran before Appellant filed her complaint. Thus, we will treat Hardin County as the only appellee.

[4] Appellant filed a motion to alter or amend the circuit court's judgment on July 18, 2019, seeking to clarify that Appellant had in fact filed a response to the motion to dismiss on June 10, 2019, which the circuit court had considered. On August 12, 2019, the circuit court granted the motion to alter or amend its judgment solely to clarify that point, but otherwise affirmed its order.

- 3 -

this as an issue on appeal, but because the record establishes that the circuit court did consider matters outside of the pleadings, we will proceed to treat the motion as a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02 ("If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); ***Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Grp.***, 210 S.W.3d 557, 562–63 (Tenn. Ct. App. 2006) ("Since matters outside the pleadings were considered by the Trial Court when resolving this particular issue, we will treat the Bank's motion to dismiss as a motion for summary judgment in accordance with Tenn. R. Civ. P. 12.02.").

"Summary judgment is appropriate only when the moving party establishes that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04." ***Woodruff v. Walker***, 542 S.W.3d 486, 493–94 (Tenn. Ct. App. 2017). In other words, "[a] grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion." ***Dick Broad. Co. of Tennessee v. Oak Ridge FM, Inc.***, 395 S.W.3d 653, 671 (Tenn. 2013) (quotation marks and citations omitted).

A trial court's "grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is de novo with no presumption of correctness." ***Bowers v. Estate of Mounger***, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017) (citations omitted). Consequently, we "must make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." ***Id.*** (quoting ***Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015)). In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." ***Shaw v. Metro. Gov't of Nashville & Davidson Cty.***, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## DISCUSSION

There is no dispute that the claims at issue in this appeal are governed by the GTLA. The GTLA provides that causes of action against the government "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). Here, it is undisputed that Appellant filed her claim more than one year (one year and twenty-one days) after the accident that killed her husband. Appellee has therefore raised the statute of limitations as an affirmative defense, arguing that Appellant's claim is time-barred. As we have previously explained,

> Defenses based on a statute of limitations are particularly amenable to summary judgment motions. *See Creed v. Valentine*, 967 S.W.2d 325, 327 (Tenn. Ct. App. 1997); *Allied Sound, Inc. v. Neely*, 909 S.W.2d 815, 820 (Tenn. Ct. App. 1995). Most often the facts material to a statute of limitations defense are not in dispute. When the facts and the inferences reasonably drawn from the facts are not disputed, the courts themselves can bring to bear the applicable legal principles to determine whether the moving party is entitled to a judgment as a matter of law.

*Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) (quoting *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000)); *see also Sherrill v. Souder*, 325 S.W.3d 584, 596 (Tenn. 2010) (citations omitted) ("[T]he failure to comply with a statute of limitations is an affirmative defense. . . ."). We may therefore affirm the trial court's dismissal of Appellant's claim on summary judgment grounds "if the facts in the record and all reasonable inferences demonstrate that [Appellant's] cause of action accrued" more than one year before December 30, 2015, unless the statute of limitations was tolled. *Sherrill*, 325 S.W.3d at 597. Appellant argues that her otherwise untimely claim is saved by operation of either the discovery rule or Tennessee Code Annotated section 28-1-110. We will consider these arguments in turn.

## I.

Appellant first argues that under the discovery rule, her claim is timely. The discovery rule applies to "all tort actions predicated on negligence, strict liability, or misrepresentation." *Doe v. Coffee Cty. Bd. of Educ.*, 852 S.W.2d 899, 904 (Tenn. Ct. App. 1992). We have previously described it as follows:

> It is well-established that the discovery rule, where applicable, "is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained." It is based on "reason, logic and fundamental fairness." The purpose of the discovery rule is to prevent the inequitable result of "strict application" of the statute of limitations, which would require plaintiffs "to vindicate a non-existent wrong, at a time when the injury is unknown and unknowable."

*Smith v. Hauck*, 469 S.W.3d 564, 569–70 (Tenn. Ct. App. 2015) (citations omitted). Appellee does not dispute that claims raised under the GTLA and claims of vicarious liability are both subject to the discovery rule. *See Hauck*, 469 S.W.3d at 570 (citing *McCullough v. Johnson City Emergency Physicians, P.C.*, 106 S.W.3d 36 (Tenn. Ct. App. 2002)) ("[W]e [have] implicitly recognized the applicability of the discovery rule to claims based on the doctrine of respondeat superior."); *Sutton v. Barnes*, 78 S.W.3d 908, 916–17 (Tenn. Ct. App. 2002) ("Our review of the foregoing leads us to conclude that the

discovery rule should be applied to cases involving the GTLA."). "[A] cause of action 'arises' under the GTLA when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she sustained an injury as a result of the defendant's wrongful conduct." *Id.* (citing **Shadrick**, 963 S.W.2d at 733).

Appellant makes a valiant effort to persuade this Court that disputes of material fact remain as to when she should have discovered that her husband suffered an injury (i.e., his death) as a result of Mr. Losleben's wrongful conduct. Specifically, Appellant asserts that until she obtained additional information in the form of the THP Report and the ECM data, there was a lack of evidence about the manner in which Mr. Lolesben's breach of duty contributed to her husband's death, and therefore "no cause of action was known or available to [Appellant] at that time." As Appellant correctly points out, knowledge of the manner in which an injury occurred is a necessary component of the discovery rule:

> Under the discovery rule, the statute of limitations in a medical malpractice case begins to run when the patient discovers, or reasonably should have discovered (1) the occasion, the manner, and the means by which the breach of duty that caused his or her injuries occurred, and (2) the identity of the person who caused the injury. However, the plaintiff is not entitled to wait until he or she knows all of the injurious consequences caused by the alleged negligence before filing suit. Instead, the statute of limitations is tolled only during that period of time when the plaintiff has *neither actual nor constructive knowledge* of (1) the injury, (2) the wrongful conduct causing that injury, and (3) the identity of the party or parties who engaged in that wrongful conduct.

**Burk v. RHA/Sullivan, Inc.**, 220 S.W.3d 896, 900–01 (Tenn. Ct. App. 2006) (internal quotation marks and citations omitted). In support, Appellant cites a number of cases, many of which arise in the health care liability context, for the proposition that her claim did not accrue at the time of injury because "the information that would lead a plaintiff to the inference that they were injured due to the conduct of the other party was held in the hands of the tortfeasor." *See, e.g.*, **Shadrick**, 963 S.W.2d at 728 (involving alleged negligence related to an orthopedic surgery); **McIntosh v. Blanton**, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004) (involving alleged injury to nerves following wrist surgery); *cf.* **Gerdau Ameristeel, Inc. v. Ratliff**, 368 S.W.3d 503, 509 (Tenn. 2012) (involving a clinical diagnosis of post-traumatic stress disorder in the worker's compensation context). According to Appellant, these cases support her argument that she could not have discovered the "tortious origin" of the injury until she received the THP Report and the ECM data, and her complaint was therefore timely. *See* **Sutton**, 78 S.W.3d at ("[T]he plaintiff must have discovered not only the existence of an injury, but the tortious origin of the injury.") (internal quotation marks omitted) (quoting **Wyatt v. A-Best**, Co., 910 S.W.2d 851, 855 (Tenn. 1995) (quoting **Hathaway v. Middle Tennessee Anesthesiology, P.C.**, 724 S.W.2d 355, 359 (Tenn. Ct. App. 1986)).

In contrast, Appellee asserts that Appellant was not required to have certainty as to all the facts surrounding the injury before the statute of limitations began to run. Rather, Appellee asserts that the discovery rule tolls the statute of limitations "only during the period when the plaintiff has no knowledge at all that a wrong has occurred." *Doe v. Coffee Cty.*, 852 S.W.2d at 904 (citing *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680–81 (Tenn. 1990)) ("[T]he statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry."); *Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn. 1983)). In other words, a plaintiff is not required to know the type of legal claim he or she has as long as the plaintiff is "aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994). More recently, the Tennessee Supreme Court reaffirmed this principle, explaining

> Under the current discovery rule, a cause of action accrues and the statute of limitations begins to run not only when the plaintiff has actual knowledge of a claim, but also when the plaintiff has actual knowledge of "facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct." *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995) (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)). This latter circumstance is variously referred to as "constructive notice" or "inquiry notice." Quoting the Iowa Supreme Court, we have explained that inquiry notice "charges a plaintiff with knowledge of those facts that a reasonable investigation would have disclosed. . . . [O]nce a plaintiff gains information sufficient to alert a reasonable person of the need to investigate 'the injury,' the limitation period begins to run." *Sherrill v. Souder*, 325 S.W.3d at 593 n.7 (quoting *Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 461 (Iowa 2008))[.]

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012). In support of its contention that the discovery rule did not toll the statute of limitations in this case, Hardin County cites another case involving a motor vehicle accident in which the cause of action accrued on the date of the accident. *See Putnam v. Leach*, 572 S.W.3d 605, 610 (Tenn. Ct. App. 2018) (holding that the claim accrued on the date of the accident because the plaintiff was aware of the accident, the other party, and the general manner in which the accident occurred).

Although not cited by either party, we note that this case is highly analogous to another case decided by this court, *Mills v. Booth*, 344 S.W.3d 922 (Tenn. Ct. App. 2010). In *Mills*, a husband and wife were killed in a traffic accident on November 8, 2008, when their car turned left in front of another vehicle driven by the defendant. *Id.* at 923. The parties initially thought that the wife had been driving the couple's car, but it was later discovered that the husband had been driving. *See id.* Furthermore, an accident

reconstructionist later concluded, on or around December 12, 2008, that even though the husband had turned in front of the defendant's car, the accident would not have occurred if the defendant had not been speeding. *Id.* The wife's daughter filed a wrongful death suit against the defendant and her parents' insurer on November 10, 2009. *Id.*

The defendant and insurer filed motions to dismiss because the daughter had filed her claim more than one year after the accident, and the statute of limitations for personal injury actions was one year. *Id.* at 924. The daughter claimed that the accident report issued on the date of the accident incorrectly stated that her mother had been driving her parents' vehicle, and only on November 12, 2008, after the police investigated further, was the report amended to reflect that her father had been driving. *Id.* Therefore, she asserted that she had one year from November 12, 2008, when she discovered her father was the driver, to file her claim. *Id.* In an affidavit filed with her response to the motion to dismiss, the daughter also asserted that she had not witnessed the accident and had not received a copy of the initial accident report, which erroneously attributed fault for the crash to her mother, until at least November 10, 2008. *See id.* The trial court appeared to recognize that the daughter may not have had information that her mother was a passenger in the wrecked vehicle and her father and/or the defendant were at fault until December 12, 2008. *See id.* at 925. Nevertheless, the trial court found that the discovery rule did not serve to delay the accrual date of the daughter's claim, and the statute of limitations began to run on the date of the accident—November 8, 2008. *See id.* at 923, 926. The trial court appeared to base its holding in part on the fact that the daughter still "had approximately eleven (11) months [after December 12, 2008] to file her lawsuit before the statute of limitations had run from the date of the accident." *See id.* at 925.

The trial court in *Mills* also relied on this Court's reasoning in *Young v. Enerpac*, 299 S.W.3d 815 (Tenn. Ct. App. 2009). In *Young*, the plaintiff filed a personal injury suit after he was hurt when a piece of equipment broke and struck him in the head at his job. *See id.* at 816. He filed his suit more than one year after the date he was struck, but claimed the discovery rule made his claim timely because he was unable to understand the cause of his injuries for several days after being struck, due to the severity of the injuries. *See id.* In holding that the discovery rule was inapplicable and the plaintiff's claim was time-barred, this Court explained:

> [T]he plaintiff alleges that he was disoriented for a few days after his injury, but there was no proof that the injury rendered him incompetent or otherwise disabled him for any significant period of time such that he would have been barred from filing his claim in a timely fashion absent application of the discovery rule. Clearly, the record establishes his injury was not latent, and assuming arguendo, as we must, that plaintiff suffered a temporary loss of full mental reasoning ability, he was not thereby prevented from filing his claim within the statute of limitations, and was on inquiry notice during that period. In our view, the discovery rule is not designed to "tack on" days or

weeks to the statute of limitations for short periods of time when a plaintiff might not be fully aware of what had occurred. If such were the case, the statute of limitations would become a nebulous rule with difficult application, which could be arbitrarily lengthened each time a plaintiff had a temporary difficulty, but was fully competent to file his claim within the statutory period.

299 S.W.3d at 817–18. Therefore, the trial court in *Mills* held that the daughter's claim was filed too late. 344 S.W.3d at 926.

On appeal in *Mills*, this Court treated the defendant's and insurer's motions to dismiss as motions for summary judgment, since the trial court considered the daughter's affidavit in resolving the motions. *Id.* In affirming the trial court, we reasoned as follows:

[A] statute of limitations begins to run when the injury occurs or is discovered, or when it should have been discovered with the exercise of reasonable care. The injury to Plaintiff and Decedent in this case occurred at the time of the accident on November 8, 2008. At a very minimum, at that time Plaintiff was placed on inquiry notice.

All of the facts relevant to commencing the running of the statute of limitations were known on the day of the fatal accident, i.e., November 8, 2008. These known facts include, among other things, that there was a fatal accident between the [two] vehicles and that the [couple's] vehicle was broad-sided by the [defendant's] vehicle. These were known facts regardless of who was driving the [couple's] vehicle. As to [the defendant], Plaintiff knew of the occasion and manner by which a breach of duty occurred and the identity of the person who breached that duty, i.e., [the defendant]. It is not necessary that Plaintiff actually know that the injury constitutes a breach of a legal standard in order for the statute of limitations to commence. It is sufficient that Plaintiff was aware of facts sufficient to put her on notice that she suffered an injury as a result of wrongful conduct. *Carvell* [*v. Bottoms*], 900 S.W.2d [23,] 29 [Tenn. 1995].

As stated previously, at a very minimum Plaintiff was on inquiry notice on the date of the accident. . . . It is not necessary for a plaintiff to know each and every fact before a statute of limitations beings to run. "As we have stated before, '[t]he discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits.'" *Burk v. RHA/Sullivan, Inc.*, 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006) (quoting *Steele v. Tennessee Jaycees, Inc.*, No. 01-A-01-9505-CH-00214, 1995 WL 623067, at *5 (Tenn. Ct. App. Oct. 25,

1995)). Plaintiff was fully competent to timely file this lawsuit within one year of the accident.

*Id.* at 928–29.

The foregoing analysis in *Mills*, coupled with the more recent pronouncements of our high court in *Redwing*, lead us to reach the same result in this case. First, *Mills* is procedurally similar to this case, in that the defendants filed motions to dismiss, but we treated them as motions for summary judgment because the trial court considered matters outside the pleadings. Second, in *Mills*, it was apparently sufficient to trigger the statute of limitations that the daughter knew, on the date of the collision, that her mother died in a two-car accident where the car her mother was in had been broadsided by the car being driven by the defendant. The daughter did not need to have certainty as to who was ultimately at fault for the accident, that the injury constituted a breach of a legal standard, or even who was driving the vehicle her mother was in, for her to have been on "notice that she suffered an injury as a result of wrongful conduct," and thus for the statute of limitations to begin running on the date of the accident. *See id.* at 925, 928. Furthermore, even if, as the daughter claimed, fault was improperly attributed to her mother initially, this Court nonetheless decided that on the date of the accident, the daughter "knew of the occasion and manner by which a breach of duty occurred and the identity of the person who breached that duty, i.e., [the defendant]." *Id.* at 928.

In this case, Appellant appears only to dispute that she had sufficient facts to know the manner in which the accident occurred. *See Burk*, 220 S.W.3d at 900–01. However, the undisputed facts in this case indicate that Appellant had a similar amount of information to the daughter in *Mills*: that her husband had been killed in a two-car collision with a Hardin County fire truck driven by Mr. Losleben, the only other vehicle and party involved. In fact, the only distinguishing facts between this case and *Mills* are that it appears undisputed that the daughter knew at the time of the accident that her mother's car had been broadsided because it turned left in front of the defendant's car, and that there were three people, not two, involved in the accident. In contrast, while the complaint here states that the vehicles collided head-on, Appellant appears to dispute that she had that knowledge, and knowledge of the other circumstances of the accident, until she received the ECM and/or the THP data. Still, we cannot conclude that this dispute, even if genuine, is material under our summary judgment analysis, and therefore dispositive of this appeal. *See Arnold v. Oglesby*, No. M2019-01881-COA-R3-CV, 2020 WL 4382244, at *3 (Tenn. Ct. App. July 30, 2020), *perm. app. denied* (Tenn. Nov. 13, 2020) (quoting *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)) ("A disputed fact is 'material' if it 'must be decided in order to resolve the claim or defense at which the motion is directed.'").

In *Mills*, the fact that the mother's car had been broadsided actually led the daughter to believe, initially, that her mother had been at fault for the accident (because it was a result of her mother's vehicle having apparently failed to yield the right of way by turning

- 10 -

in front of the defendant's). But later, the daughter discovered not only that her mother was not driving, but that the defendant may have caused the accident because he was speeding. The absence of this type of information in this case, i.e., misleading information about the manner in which the accident occurred, therefore even more strongly supports that the discovery rule should not apply here. And while the fact that daughter had knowledge that the mother's car was broadsided was mentioned by the panel in *Mills*, it certainly was not cited as the dispositive fact in determining whether the discovery rule was applicable. Instead, the apparently dispositive facts were essentially the same facts that are present in this case.

Therefore, we cannot agree that Appellant's claimed lack of certainty as to the exact manner in which the accident occurred is sufficient to toll the statute of limitations. While we concede that Appellant must have knowledge of the manner in which the injury occurred, this requirement can be met through either actual or constructive notice. *See Burk*, 220 S.W.3d at 900–01. And the Tennessee Supreme Court has explained that constructive or inquiry notice means only that the plaintiff has "information sufficient to alert a reasonable person of the need to investigate the injury[.]" *Redwing*, 363 S.W.3d at 459 (internal quotation marks and citation omitted). *Redwing* thus elaborates on what it means for a plaintiff to be on constructive notice of her potential claim, and *Mills* illustrates the sort of facts that suffice to establish constructive notice. Because there is no dispute that Appellant had knowledge on the day of the accident that her husband was injured in a car accident involving only one other party, we cannot conclude that under the combined framework of *Redwing* and *Mills*, she has met her burden to show that she was without sufficient information to glean the manner by which her husband's injury occurred—the injury obviously occurred due to a collision involving Mr. Losleben. *Cf. Hauck*, 469 S.W.3d at 571–72 (citing *Redwing*, 363 S.W.3d at 465.).("When the undisputed facts establish a statute of limitations defense, as they do here, the burden shifts to the plaintiff 'to articulate at least a colorable basis for concluding that the statute of limitations has not run on his claims' under an equitable doctrine such as the discovery rule.")

Moreover, the fact that Appellant may not have been aware of the exact breach of a legal standard that caused the injuries, i.e., that Mr. Losleben was speeding, did not brake before impact, and veered into Mr. Durham's opposite lane, is simply not sufficient to toll the statute of limitations. *See Shadrick*, 963 S.W.2d at 733 ("[T]he statute of limitations is not tolled until the plaintiff actually knows the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard[.]") (internal quotation marks, citations, and alterations omitted). In *Mills*, the daughter arguably knew even less about her right of action than Appellant on the date of the accident in question— again, she claimed to believe, based upon misinformation, not only that her mother had been driving one of the cars, but that her mother had failed to yield the right of way and therefore caused the accident. *See* 344 S.W.3d at 924. Yet, even the fact that she only later discovered that her mother had not been driving and that the defendant likely was at least partially at fault did not support application of the discovery rule to delay accrual of her

claim. Thus, regardless of the fact that it may not have been immediately apparent which driver/vehicle caused the accident in this case, and even if Appellant exercised due diligence after the crash occurred to obtain information regarding its exact cause and circumstances, the reasoning in *Mills* and *Redwing* does not support application of the discovery rule to justify the delay in filing suit in this case.

In sum, the undisputed facts indicate that Appellant had all of the information necessary on December 9, 2014, to alert her "of the need to investigate any potential wrongful conduct by [Mr. Losleblen]." *Woodruff*, 542 S.W.3d at 496. We therefore affirm the trial court's finding that the discovery rule was not applicable to render Appellant's claim timely. Thus, Appellee is entitled to judgment as a matter of law. *See generally id.* (noting that summary judgment is only appropriate when the moving party is entitled to judgment as a matter of law); *see also* *Roe v. Jefferson*, 875 S.W.2d at 658 (concluding that "no reasonable trier of fact could find that [the plaintiff] was unaware that she had suffered an injury for purposes of the discovery rule," and thus defendant was entitled to summary judgment). Appellant's claim therefore accrued on the date of the accident, December 9, 2014. Thus, when she filed her claim on December 30, 2015, it was time-barred by the one-year statute of limitations in the GTLA.

## II.

Appellant next raises an alternative argument: if the discovery rule does not save her claim, Tennessee Code Annotated section 28-1-110 does. Section 28-1-110 states:

> The time between the death of a person and the grant of letters testamentary or of administration on such person's estate, not exceeding six (6) months, and the six (6) months within which a personal representative is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against the personal representative.

Appellant asserts that this section operates in conjunction with section 20-5-103(a) to preserve claims against deceased tortfeasors by tolling statutes of limitations until a representative of the decedent's estate is appointed, a period not to exceed six months after the decedent's death. Section 20-5-103(a) states:

> In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would have otherwise had, but the cause of action shall survive and may be prosecuted against the personal representative of the tortfeasor or wrongdoer.

Thus, Appellant argues that under section 28-1-110, her cause of action against Mr. Losleben's estate did not accrue until a representative of his estate was appointed or June 9, 2015, six months after he died. Therefore, she argues, because Hardin County is vicariously liable for Mr. Losleben's negligence under the GTLA, the cause of action against Hardin County likewise did not accrue until June 9, 2015, or the one-year statute of limitations in the GTLA was tolled until June 9, 2015, making her claim filed on December 30, 2015 timely.

This argument involves the construction of a statute. Statutory interpretation is a question of law, and we review it de novo without a presumption of correctness. *Gleaves v. Checker Cab Transit Corp., Inc.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998). In interpreting a statute, we must give effect to the legislature's intent. *Myint*, 970 S.W.2d at 924. The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application. *Id.* Consequently, if "the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage." *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 25 (Tenn. 2014). As a result, when "the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction." *Henry v. White*, 194 Tenn. 192, 198, 250 S.W.2d 70, 72 (Tenn. 1952).

According to its plain language, section 28-1-110 only applies to causes of action against personal representatives of decedents, not against county governments. Thus, while section 28-1-110 may apply if Appellant were suing Mr. Losleben's estate as a separate entity, as explained above, the trial court found that Mr. Losleben's estate is immune from suit (because the suable entity in this situation is his employer, Hardin County, under the GTLA), and Appellant does not contest that finding.[5] Appellant even frames her argument in terms of section 28-1-110 only applying to any claims "against" Mr. Losleben's estate.[6] But she asks us to extend the application of section 28-1-110 to her GTLA claims against the county, by virtue of the fact that the county is vicariously liable for Mr. Losleben's negligence, as his employer. Appellant, however, cites no law to support application of section 28-1-110 to any defendant who is alleged to be vicariously liable for the torts of decedents, much less to a governmental defendant. *Cf. Moreno v. City of Clarksville*, 479 S.W.3d 795, 810 (Tenn. 2015) (noting that the GTLA is to be strictly construed and that strict compliance with its statute of limitations is required). *But cf. Doyle v. Frost*, 49 S.W.3d 853, 860 (Tenn. 2001) (holding that Rule 15.03 of the Tennessee Rules of Civil Procedure, pertaining to the relation back doctrine, does not impermissibly extend the statute of limitations in the GTLA); *Wade v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 469

---

[5] *See supra*, footnote 3.

[6] For example, Appellant states, "Tenn. Code Ann. § 28-1-110 clearly should allow the GTLA action against the Estate of Mr. Losleben to toll until either the appointment of a representative of his estate, or [six] months after his death to ensure the preservation of a right of action against him."

S.W.3d 54, 68 (Tenn. Ct. App. 2015) (holding that plaintiffs, having complied with the pre-suit notice provisions of Tennessee Code Annotated section 29-26-121, were entitled to a 120–day extension of the GTLA statute of limitations); **Sutton**, 78 S.W.3d at 916–17 (Tenn. Ct. App. 2002) (applying the discovery rule to GTLA actions).

Respectfully, we are not persuaded by Appellant's argument. The plain language of section 28-1-110 states that it applies to actions against personal representatives. The only remaining action in this case is not against a personal representative. Nothing in section 28-1-110 indicates that the statute is intended to apply beyond its express terms or that it is applicable anytime a defendant is to be held vicariously liable for the injuries caused by a decedent. In other words, we cannot interpret section 28-1-110 to mean anything other than what it plainly says. *See* **Henry**, 250 S.W.2d at 72. We therefore decline Appellant's invitation to apply section 28-1-110 beyond its express boundaries. Instead, we conclude the applicable statute of limitations to the claims against Hardin County is one year, as provided in the GTLA. *See* Tenn. Code Ann. § 29-20-305(b).[7]

## CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court of Hardin County is affirmed. Costs of this appeal are taxed to Appellant Susan Durham, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[7] We note, however, that we agree with Appellant that the circuit court erred by relying on the federal court's holding (that section 28-1-110 did not affect the statute of limitations on Appellant's § 1983 claims against Hardin County) when it held that section 28-1-110 is inapplicable to the GTLA. The federal court's reasoning depended on federal law regarding the vicarious liability of municipalities for the torts of their employees. That federal law is irrelevant to Appellant's state law/GTLA claims and her contention that 28-1-110 should affect the statute of limitations in the GTLA. But because we decline to address whether section 28-1-110 may ever apply to the GTLA, the circuit court's error does not matter here.